IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:16-cv-2459-MSK-MEH

THE UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PHILIP KELLY LEOPARD,

    Defendant.

---

**UNITED STATES' MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE AND FOR LEAVE TO CONDUCT DEPOSITIONS TO LOCATE DEFENDANT**

---

The United States of America, through its undersigned counsel, hereby moves the Court for additional time to effect service on Defendant Philip Kelly Leopard under Fed. R. Civ. P. 4(m) and for leave to conduct depositions of non-party witnesses in order to locate the Defendant under Fed. R. Civ. P. 30(a)(2)(A)(iii).

1.    This civil action involves claims by the United States to reduce over $650,000 of outstanding federal tax liabilities assessed against Defendant Philip Kelly Leopard ("Kelly Leopard") to judgment.

2.    The United States timely filed this action on September 29, 2016. Under Fed. R. Civ. P. 4, the United States has until December 28, 2016 to serve a copy of the Summons and Complaint on Defendant, unless the Defendant is located outside the

country or the United States shows good cause for its inability to serve the Defendant within the 90-day period prescribed by the Rules. Fed. R. Civ. P. 4(f) & (m).

3. Pursuant to Fed. R. Civ. P. 4(m) & 30(a)(2)(A)(iii), and for good cause shown, the United States respectfully requests that the Court allow the United States an additional 120 days, or until April 27, 2017, to locate and serve the Defendant, and further requests that the Court grant the United States leave to conduct pre-scheduling conference discovery, including the issuance of subpoenas to take deposition testimony of non-party witnesses, in order to locate the Defendant. In support of this Motion, the United States attaches the Declaration of Ryan S. Watson (with exhibits) and submits the following:

4. Defendant Leopard is a tax protester with a history of filing frivolous lawsuits against the United States and its officers, employees, and agencies. (Watson Decl. ¶ 2-3). *Snow Mountain Holdings Trust, Kelly Leopard, Trustee v. Wray, et al.*, No. 1:15-cv-00221-PAB-CBS (D. Colo. 2015); *Namaca Management, Kelly Leopard, Trustee v. Wray, et al.*, No. 2:15-cv-00257-SRB (D. Ariz. 2015).

5. Leopard uses a series of false "drop box" addresses and various trusts to shield his assets and information regarding his whereabouts from the United States. (Watson Decl. ¶ 3-5, 8; Ex. A). He recruits the efforts of his father, John Malcolm Leopard, to make court filings and further obfuscate his whereabouts. (Watson Decl. ¶ 4; Ex: A).

6. After filing its Complaint in this matter, the United States has attempted to effect service on various addresses used by Leopard, located in four different states and including properties held by his sham trusts, his father's address, his last-known physical addresses, and what is apparently his most-recently-used drop box address. (Watson Decl. ¶ 7-9).

7. Although Leopard has not yet been found at any of these addresses, a cast characters has emerged, including two tenants living on Leopard's Colorado Springs ranch (Ashley and Michelle Dixon), a corporation located at his drop box address (Promo Direct Inc.), and his mother and father, Patricia Leopard and John Malcolm Leopard (as well as a neighbor and at least one individual inside the household who attempted to mislead the United States' process server into believing that John Malcolm Leopard no longer lived there), all of whom the United States believes may have information related to Kelly Leopard's whereabouts. (Watson Decl. ¶ 7-9, 10-14).

8. Accordingly, in order to explore these leads, the United States respectfully requests that the Court allow the United States additional time to effect service.

9. Furthermore, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(iii), the United States requests leave to take pre-scheduling conference depositions of the following individuals and entities:

    A. John Malcolm Leopard

    B. Patricia Leopard

    C. Ashley Dixon

      D.      Michelle Dixon

      E.      Promo Direct, Inc.

10. The United States will promptly notify the Court when the Defendant is served, or if the Defendant is found to be located outside of the United States, when Defendant's location is determined. A proposed order is attached.

WHEREFORE, for good cause shown, the United States requests an additional 120 days, or until April 27, 2017, to locate and serve the Defendant, and further requests that the Court grant the United States leave to conduct pre-scheduling conference discovery, including the issuance of subpoenas to take deposition testimony of the above-listed non-party witnesses, in order to locate the Defendant.

Dated: November 22, 2016

CAROLINE D. CIRAOLO

Principal Deputy Assistant Attorney General

*/s/ Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel: 202.514.5173
Fax: 202.307.0054
Ryan.Watson@usdoj.gov

*Of Counsel*
ROBERT TROYER
Acting United States Attorney
*Attorneys for the United States of America*