IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:16-cv-2459-MSK-MEH

THE UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PHILIP KELLY LEOPARD,

    Defendant.

## SCHEDULING ORDER

The United States of America and Philip Kelly Leopard, through their respective undersigned counsel, submit this Scheduling Order pursuant to Fed. R. Civ. P. 16 and the Court's January 6, 2017 Order Setting Scheduling Conference (Doc. 20).

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Fed. R. Civ. P. 16(b) Scheduling Conference is scheduled for March 23, 2017 at 9:45 a.m.

The parties in this action are as follows:

**The United States of America**
*Represented by Ryan S. Watson*
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, DC 20044
202.514.5173
Ryan.Watson@usdoj.gov

**Philip Kelly Leopard**
*Represented by Kevin A. Planegger*
MERRIAM LAW FIRM, P.C.
1625 Broadway, Suite 770
Denver, CO 80202
303.592.5404
kevin@merriamlaw.com

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 & 1345 and 26 U.S.C. § 7402. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

A. <u>Plaintiff United States of America</u>:

The United States seeks to reduce outstanding federal tax liabilities assessed against Philip Kelly Leopard for the 2003 tax year to judgment. The United States contends that Mr. Leopard owes $662,935.72 in unpaid individual income taxes, penalties, interest, and other statutory addition, as of September 28, 2016, plus statutory interest and other additions accruing from September 28, 2016 until payment is made.

B. <u>Defendant Philip Kelly Leopard</u>

Defendant Philip Kelly Leopard denies that he owes $662,935.72 in unpaid federal income taxes for the 2003 tax year. Mr. Leopard admits that he generated some gross income in the 2003 tax year, and that he sold assets during the 2003 tax year that

may have generated a gain.  Mr. Leopard's true tax liability (if any) for the 2003 tax year is a small percentage of the amount claimed by the United States.

### C. Other Parties

There are no other parties to this matter.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Philip Kelly Leopard failed to timely file a federal income tax return for the 2003 year.

2. After examination, the IRS issued a statutory Notice of Deficiency for the 2003 tax year. Mr. Leopard did not timely petition the United States Tax Court to challenge the Notice of Deficiency, and the IRS made assessments per the Notice of Deficiency against Mr. Leopard for the unpaid federal income taxes, penalties, and interest for the 2003 tax year, as described in Paragraph 8 of the United States' Complaint.

### 5. COMPUTATION OF DAMAGES

The United States does not seek "damages" as traditionally understood, but instead seeks to reduce federal income tax assessments against Mr. Leopard to Judgment for the 2003 tax year. The United States contends that these assessments,

together with accrued, unassessed interest and other additions, total $662,935.72 as of September 28, 2016.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

A.  <u>Date of Rule 26(f) meeting:</u>

The parties have conferred regarding this case on several occasions, leading up to, and including, March 14, 2017.

B.  <u>Names of each participant and party he/she represented:</u>

Ryan S. Watson
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, DC 20044
202.514.5173
Ryan.Watson@usdoj.gov
*Attorney for the United States of America*

Kevin A. Planneger
MERRIAM LAW FIRM, P.C.
1625 Broadway, Suite 770
Denver, CO 80202
303.592.5404
kevin@merriamlaw.com
*Attorney for Philip Kelly Leopard*

C.  <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made:</u>

The parties will exchange their Rule 26(a)(1) disclosures on or before April 7, 2017. Such timing will allow counsel to identify, and begin producing, documents the parties intend to rely on in this case.

D. <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):</u>

The parties will exchange their Rule 26(a)(1) disclosures on or before April 7, 2017.

E. <u>Statement concerning any agreements to conduct informal discovery:</u>

No agreement exists at this time. However, counsel for the parties have discussed discovery, exchanged documents, and believe that much of the discovery concerning documentary evidence in this case can be completed through informal processes.

F. <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:</u>

The parties agree to use a unified exhibit numbering system in this case.

G. <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically-stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:</u>

The parties do not anticipate that their claims or defenses will involve extensive electronically-stored information ("ESI"). Counsel for the United States has instructed the IRS to preserve paper documents and ESI in relation to the tax assessment for the 2003 tax year at issue, and to the extent such ESI exists, it may be sought from the government to the extent necessary to authenticate documents or to ascertain the

completeness of discovery. The United States further states that ESI in its possession may be protected under Section 6103 of the Internal Revenue Code or by the deliberative process, attorney-client, or other privileges.

The United States requests that Mr. Leopard preserve paper documents and ESI related to the 2003 tax assessment, including any emails or electronic documents related to his income for the 2003 tax year.

The parties agree that ESI may be produced in either imaged (.pdf or paper format) or native format.

H. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties have discussed resolving this case, including Mr. Leopard's position that adjustments should be made to his 2003 income, and will continue these discussions. The parties do not believe alternative dispute resolution would be productive at this time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

A.  <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:</u>

No changes are proposed or needed.

B.  <u>Limitations which any party proposes on the length of depositions:</u>

No changes are proposed or needed.

C.  <u>Limitations which any party proposes on the number of requests for production and/or requests for admission:</u>

No changes are proposed or needed.

D.  <u>Other Planning or Discovery Orders:</u>

The parties do not anticipate the need for other planning or discovery orders at this time.

## 9.  CASE PLAN AND SCHEDULE

A.  <u>Deadline for Joinder of Parties or Amendment of Pleadings:</u>

**April 18, 2017.**

B.  <u>Discovery Cut-Off:</u>

**October 31, 2017.**

C.  <u>Dispositive Motion Deadline:</u>

**December 29, 2017.**

D. Expert Witness Disclosure

1. To the extent expert testimony is required, the parties anticipate that experts in the fields of accounting or valuation may be used.

2. The parties do not propose any limitations on the use or number of expert witnesses.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 31, 2017.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 29, 2017.**

E. Identification of Persons to be Deposed:

1. Philip Kelly Leopard (estimated 7 hours).

2. One or more representatives of the Internal Revenue Service (estimated 7 hours).

3. Other persons identified in the parties' Rule 26 disclosures or with knowledge or information related to the issues in this case (estimated 7 hours each).

F. Deadline for Interrogatories:

**September 29, 2017.**

G. Deadline for Requests for Production of Documents and/or Admissions:

**September 29, 2017**

## 10. DATES FOR OTHER CONFERENCES

A. Status conferences will be held in this case at the following dates and times:

B.  A final pretrial conference will be held in this case on _____ at ____ o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

A.  The parties are unaware of any other discovery or scheduling issues.

B.  Any trial of this matter is anticipated to take three days.

C.  The parties do not believe that pretrial proceedings may be more efficiently or economically conducted in the District District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties. Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may only be altered upon showing of good cause.

DATED at Denver, Colorado this _____ day of _____, 2017.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

Dated: <u>March 16, 2017</u>

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ *Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
202.514.5173
Ryan.Watson@usdoj.gov

*Of Counsel*
ROBERT TROYER
Acting United States Attorney
*Attorneys for the United States of America*

Dated: <u>March 16, 2017</u>     /s/ *Kevin A. Planegger*
        K<small>EVIN</small> A. P<small>LANEGGER</small>
        MERRIAM LAW FIRM, P.C.
        1625 Broadway, Suite 770
        Denver, CO 80202
        303.592.5404
        kevin@merriamlaw.com
        *Attorney for Philip Kelly Leopard*